No. 00-763

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 241

STATE OF MONTANA,

Plaintiff and Respondent,

v.

FREDERICK LAMB,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable Maurice R. Colberg, Jr., Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Kevin Gillen, Gillen Law Office, P.C., Billings, Montana

For Respondents:

Honorable Mike McGrath, Attorney General; Jennifer Anders,

Assistant Attorney General, Helena, Montana

Dennis Paxinos, County Attorney; Daniel L. Schwarz, Chief Deputy

County Attorney, Billings, Montana

Trudy Flammand, Public Health and Human Services, Helena, Montana

Submitted on Briefs: May 17, 2001
Decided: December 4, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Upon petition for review of sentence filed by the Department of Public Health and Human Services, the Thirteenth Judicial District Court, Yellowstone County, ordered Frederick J. Lamb transferred from Montana State Hospital to the Montana State Prison. Lamb appeals. We affirm.

¶2 Lamb raises the following issues on appeal:

¶3 1. Did the District Court impose an illegal sentence when it transferred Lamb from the State Hospital to the Montana State Prison?

¶4 2. Did the District Court err by not diverting Lamb to community based supervision?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 In 1994, the State charged Lamb by information in the Thirteenth Judicial District Court, Yellowstone County, with the felony offenses of attempted aggravated assault or, in the alternative, criminal endangerment, and possession of a destructive device. The charges stemmed from Lamb leaving a bomb on the doorstep of B. R. Buckingham's residence and calling the Billings Police Department the following day to say he believed he had done so. Lamb ultimately pled guilty to the charged offenses and signed an acknowledgment of waiver of rights which indicated that the guilty pleas were in exchange for the State's recommendation of a 20-year total sentence, with sentencing to proceed pursuant to § 46-14-312, MCA (1993).

¶6 After accepting the guilty pleas, the District Court granted Lamb's motion requesting a

psychological evaluation prior to sentencing. On the basis of the evaluation, the District Court determined that Lamb suffered from a mental disease or defect at the time of the offenses. The court ordered Lamb "committed to the Director of the Department of Corrections pursuant to Section 46-14-312(2), Montana Code Annotated to be placed in an appropriate institution which the Court recommends as the Montana State Hospital, Galen Campus, Warm Springs, Montana, for custody, care and treatment" for the total period of 20 years thereafter specified.

¶7 Lamb was admitted to the Montana State Hospital in August, 1995. He was discharged from the State Hospital and transferred to the Montana State Prison (MSP) in February, 1996, when State Hospital doctors determined that his placement at the State Hospital had been inappropriate and that he was in need of correctional placement. Lamb was subsequently transferred to correctional institutions in Texas and Tennessee.

¶8 In 1998, Lamb filed a pro se petition for postconviction relief with this Court. We deemed the petition to be a writ of habeas corpus and granted the writ, ordering Lamb returned to the State Hospital. We concluded that Lamb's transfer from the State Hospital to MSP did not follow the procedure required by § 46-14-312(3), MCA, and that, as a result, he was improperly discharged from the State Hospital and unlawfully imprisoned in the Tennessee facility.

¶9 Lamb was returned to the State Hospital in May, 1998. In September, 1998, the Department of Public Health and Human Services (the Department) filed a petition for review of sentence, requesting that Lamb be considered for conditional release to a community placement. The court denied the request, and the prior sentencing order remained in effect.

¶10 In October, 1999, the Department again filed a petition for review of sentence, this time stating that Lamb showed no evidence of a mental disease or defect and recommending that he be transferred to the correctional system as a more appropriate placement. The court held a hearing on the matter and ultimately ordered that Lamb be transferred to MSP or the Department of Corrections for other appropriate institutional placement for the remainder of his sentence. Lamb appeals from this order.

## DISCUSSION

¶11 Did the District Court impose an illegal sentence when it transferred Lamb from the

State Hospital to the Montana State Prison?

¶12 Lamb argues that because his original sentence, pursuant to a binding plea agreement, was for a commitment to the State Hospital and not MSP, any modification of that sentence is illegal. The State points out that the plain language of § 46-14-312, MCA, authorizes the district court to transfer a defendant previously committed to the State Hospital to a correctional facility if certain statutory criteria are met.

¶13 The Acknowledgment of Waiver of Rights form that Lamb signed in 1995 stated, in relevant part,

11. I understand that in exchange for a plea of guilty to the charges the State will recommend the following: the sentence will be under 46-14-312.

a. 15 years plus a consecutive 5 years for the use of a weapon on Count I.

b. 10 years on Count III to run concurrent to Count I.

c. The State will recommend that the defendant be designated a dangerous offender.

12. This is a 1(b) plea agreement. The defendant understands that should the Court sentence him to more than 20 years the defendant will be entitled to withdraw his plea of guilty. If the Court designates the defendant a dangerous offender, the defendant will not be allowed to withdraw his plea.

¶14 Section 46-14-312, MCA (1993), provides:

(1) If the court finds that the defendant at the time of the commission of the offense of which the defendant was convicted did not suffer from a mental disease or defect as described in 46-14-311, the court shall sentence the defendant as provided in Title 46, chapter 18.

(2) If the court finds that the defendant at the time of the commission of the offense suffered from a mental disease or defect as described in 46-14-311, any mandatory minimum sentence prescribed by law for the offense need not apply and the court shall sentence the defendant to be committed to the custody of the director of the department of corrections and human services to be placed in an appropriate institution for custody, care, and treatment for a definite period of time not to exceed

the maximum term of imprisonment that could be imposed under subsection (1). The authority of the court with regard to sentencing is the same as authorized in Title 46, chapter 18, if the treatment of the individual and the protection of the public are provided for.

(3) Either the director or a defendant whose sentence has been imposed under subsection (2) may petition the sentencing court for review of the sentence if the professional person certifies that:

      (a) the defendant no longer suffers from a mental disease or defect;

      (b) the defendant's mental disease or defect no longer renders the defendant unable to appreciate the criminality of the defendant's conduct or to conform the defendant's conduct to the requirements of law;

      (c) the defendant suffers from a mental disease or defect but is not a danger to the defendant or others; or

      (d) the defendant suffers from a mental disease or defect that makes the defendant a danger to the defendant or others, but:

            (i) there is no treatment available for the mental disease or defect;

            (ii) the defendant refuses to cooperate with treatment; or

            (iii) the defendant will no longer benefit from active inpatient treatment for the mental disease or defect.

(4) The sentencing court may make any order not inconsistent with its original sentencing authority except that the length of confinement or supervision must be equal to that of the original sentence. The professional person shall review the defendant's status each year.

¶15 Pursuant to the plea agreement, Lamb agreed that his sentence would be made under § 46-14-312, MCA. That statute specifically provides a procedure whereby the director or the defendant may petition the court for review of the sentence if a professional person

certifies that the defendant no longer suffers from a mental disease or defect. The petition filed by the Department in October, 1999, met these procedural requirements. Once the petition is filed, the sentencing court is free to "make any order not inconsistent with its original sentencing authority." Section 46-14-312(4), MCA.

¶16 The District Court's order here granted the petition to review and found that "the only evidence was that defendant is not currently suffering from a mental disease or defect allowing placement in the Montana State Hospital. He should therefore be transferred to the Montana State Prison . . . for the remainder of the term of his sentence specified in the amended judgment and commitment signed October 2, 1999." This disposition is consistent with the court's authority under § 46-14-312, MCA. We hold that the District Court did not impose an illegal sentence when it transferred Lamb from the State Hospital to MSP.

## Issue 2

¶17 Did the District Court err by not diverting Lamb to community based supervision?

¶18 Lamb argues that he is entitled to know precisely why the District Court chose to transfer him to MSP rather than release him to community based supervision. He argues that the court found that there had been no change in circumstances since the Department filed its first petition, and because the court had not changed his placement after the first petition, the court could not do so after the Department's second petition without stating reasons for the transfer.

¶19 Although both petitions filed by the Department were petitions for review of sentence, they were otherwise quite different. In the first petition filed in 1998, the Department specifically requested that Lamb's sentence be reviewed and that he be considered for conditional release to a community placement. The District Court denied that petition, and that petition is not before the Court at this time. In the second petition, which is before this Court on appeal, the Department recommended that Lamb's sentence be reviewed and that he be transferred to the correctional system. Although Lamb argued at both hearings that a portion of his sentence be suspended, the District Court was under no obligation to re-visit an issue it had decided fourteen months previously in the Department's first petition.

¶20 The District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ JIM RICE